UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONNY HORNE,

       Plaintiff,                                Case Number 2:15-cv-11214

v.                                      Honorable Sean F. Cox

Z. GARRITY, DONNA BEAUVAIS,

       Defendants.

_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Tony Horne, a state inmate currently incarcerated at the Macomb Correctional Facility, in New Haven, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's application to proceed *in forma pauperis*, and Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the court summarily dismisses the complaint.

### I. BACKGROUND

Plaintiff asserts that in December of 2014 his case manager, Z. McGarrity, informed him that he could receive a higher security reclassification and therefore be eligible to transfer to another facility. Plaintiff states that he is currently classified as a Level 1 prisoner, the lowest security classification. Though it is difficult to be sure from the *pro se* pleading, it appears Plaintiff states that he desired a reclassification up to Level 2 so he could be transferred to a particular Level 2 facility that offers a better mental health

1

program. The complaint details Plaintiff's disciplinary history, and it seems to allege that it is insufficient to warrant the denial of the security reclassification and denial of the transfer. Plaintiff then concludes, as best the Court can determine: "from constant sit-downs with McGarrity, I am absolutely certain that her denying me a transfer back to MTU Level 2 RTP was only result of her constant pleasures in hearing my story (dating celebrities, (illegible)), NBA basketball from fed prison, religion, FBI, etc." Complaint, p. 9.  As result, Plaintiff asserts that he is being denied his "constitutional right to humane treatment," and seeks $75,000 in damages.  *Id.*, pp. 3-4.

## II. STANDARD

Civil rights complaints filed by a *pro se* prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).  Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

In addition, "a district court may, at any time, dismiss sua sponte a complaint for lack

of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

### III. DISCUSSION

Plaintiff seeks monetary damages arising from the defendants' allegedly wrongful withholding of a transfer to another prison so that they can continue to enjoy the stories he tells.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A prisoner does not have a constitutional right to placement in any particular prison, *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983), or in a particular security classification. *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). "Courts, especially federal courts, should be reluctant to become involved in the internal administration of state prisons." *Hanna v. Toner*, 630 F.2d 442, 444 (6th Cir 1980). Correctional institutions are accorded considerable latitude in the administration of state prisons. In *Jones v. North Carolina Prisoner's Labor Union*, 433 U.S. 119, 126 (1977), the Supreme Court discussed the balancing of constitutional rights afforded prisoners against

3

the deference that prison officials must be given in the efficient management of prisons: "Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded to the decisions of prisoner administrators." Accord *Matthews v. Napolean*, 2011 U.S. Dist. LEXIS 99988 (E.D. Mich, Aug. 16, 2011).   Accordingly, Plaintiff's claim that he is being denied a more desirable prison placement, without more, does not state a § 1983 claim. He simply has no constitutionally protected interest to the placement of his choosing.

Plaintiff also seems to claim that Defendants' actions violate MDOC policies inasmuch as he was told that there was no "span" prohibiting a transfer. Plaintiff explains that a "span" is a prohibition against a particular reclassification. An alleged failure to comply with an administrative rule or policy, however, does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81. Thus, Plaintiff's assertion that Defendants failed to comply with any MDOC policies is not sufficient to state a § 1983 claim.

Accordingly, Plaintiff's complaint lacks an arguable basis in either law or fact, and it will therefore be summarily dismissed under § 1915(e).

## IV.  CONCLUSION

IT IS ORDERED that the Plaintiff's Complaint is DISMISSED.


Dated:  May 27, 2015                          S/ Sean F. Cox_____
                                              Sean F. Cox
                                              U. S. District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TONNY HORNE,

       Plaintiff,

                                   CASE NO. 15-11214

v.

                                   HONORABLE SEAN F. COX

Z. GARRITY, DONNA BEAUVAIS,

       Defendants.

_____/


PROOF OF SERVICE

I hereby certify that on May 27, 2015, the foregoing document was served on counsel of record via electronic means and upon Tonny Horne via First Class mail at the address below:

TONNY HORNE 609998
MACOMB CORRECTIONAL FACILITY
34625 26 MILE ROAD
NEW HAVEN, MI 48048

                                   S/ J. McCoy_____
                                   Case Manager